# Application of Conflict of Interest Rules to Members of Department of Health and Human Services Advisory Committee

Neither the law nor the Department of Health and Human Services' Standards of Conduct constrain a member of the Advisory Council on Social Security from lobbying the Department on behalf of private clients with respect to policy issues that are being addressed by the Council. Whether to retain the prudential restrictions barring such lobbying that have been imposed by the Department's ethics official is a discretionary issue for the Secretary.*

April 13, 1990

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF HEALTH AND HUMAN SERVICES

This responds to your request for advice on what ethics constraints apply to members of the Department of Health and Human Services' ("Department") 1989 Advisory Council on Social Security ("Council"). Specifically, you wish to know whether it is lawful for Council members to lobby the Department on behalf of private clients with respect to policy issues that are being addressed by the Council. We believe that it is. Neither the law nor the Department's Standards of Conduct constrain a member from lobbying the Department on policy issues that are subject of Council discussions. Whether to retain the prudential restrictions barring such lobbying that have been imposed by the Department's ethics official is a discretionary issue for the Secretary.

## I. Background

The Council is a statutory federal advisory committee whose members are appointed by the Secretary. 42 U.S.C. § 907; 5 U.S.C. app. I. It is reviewing a wide range of Social Security programs, including the provision of old-age, disability and mandatory health insurance. Council members are special government employees since they will serve less than 130 days a year. 18 U.S.C. § 202(a).

---

* Editors Note: This opinion was originally written using an out-of-date version of sections 203 and 205 of title 18. This publication of the opinion reflects revisions based on the November 1989 amendments, but those amendments were minor and the substance of the opinion is unchanged.

One of the Council's members is a private sector lobbyist. Business clients hire her to present their views to the Department on many of the same policy issues that the Council is examining. You have asked whether the member may continue to lobby the Department on those policy issues notwithstanding her membership on the Council. We believe that, as a legal matter she may.

## II. Analysis

There are two statutory provisions that govern the conduct of special government employees in this context — 18 U.S.C. §§ 203 and 205. Section 203 bars special government employees from receiving compensation for representational activities before an agency in relation to any particular matter involving a specific party or parties in which they have participated personally and substantially and in which the United States is a party or has a substantial interest. 18 U.S.C. § 203(c)(1).[1] Similarly, section 205 bars special government employees from acting as agents for claims against the United States or as agents in any particular matter pending before a department involving a specific party or parties in which they have participated personally and substantially and in which the United States is a party or has a direct and substantial interest.[2]

We do not believe that lobbying on policy issues, such as the position the Department should take on mandatory health care, involves a "particular

---

[1] Section 203 provides, in relevant part:

    (a) Whoever, otherwise than as provided by law for the proper discharge of official duties
        (1) . . . receives . . . any compensation for any services rendered or to be rendered either by himself or another —

    . . . .

        (B) . . . at a time when such person is an officer or employee of the United States . . . in relation to any . . . particular matter in which the United States is a party or has a direct and substantial interest, before any department [or] agency . . . shall be fined under this title or imprisoned for not more than two years, or both; and shall be incapable of holding any office of honor, trust, or profit under the United States.
    (b) A special Government employee shall be subject to subsection (a) only in relation to a particular matter involving a specific party or parties —
        (1) in which such employee has at any time participated personally and substantially as a Government employee or as a special Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise . . . .

[2] Section 205 states, in relevant part:

    Whoever, being a officer or employee of the United States . . . otherwise than in the proper discharge of his official duties --
        (1) acts as agent or attorney for prosecuting any claim against the United States, or
        (2) acts as agent or attorney for anyone before any department . . . [on any] particular matter in which the United States is a party or has a direct and substantial interest —
    Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.
    A special Government employee shall be subject to the preceding paragraphs only in relation to a particular matter involving a specific party or parties (1) in which he has at any time participated personally and substantially as a Government employee or as a special Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise . . . .

matter involving a specific party or parties" as required by 18 U.S.C. §§ 203 and 205. General discussions between a lobbyist and a government employee of why one policy is preferable to another do not involve a specific party or parties.

This conclusion is supported by the interpretation of the same "particular matter involving a specific party or parties" language in 18 U.S.C. § 207, language which this Office views as identical in meaning to that in sections 203 and 205.[3] The Office of Government Ethics regulations interpreting this phrase in 18 U.S.C. § 207 state that discussions of policy matters do not constitute participation in a "particular matter involving a specific party or parties." 5 C.F.R. § 2637.201(c)(1). The regulations provide:

> Such a matter typically involves a specific proceeding affect- ing the legal rights of the parties or an isolatable transaction or related set of transactions between identifiable parties. Rulemaking, legislation, the formulation of general policy, stan- dards or objectives, or other action of general application is not such a matter. Therefore, a former Government employee may represent another person in connection with a particular matter involving a specific party even if rules or policies which he or she had a role in establishing are involved in the pro- ceeding.

*Id.* The examples given in the regulations illustrate that an employee's participation in the formulation of agency policy does not bar the employee from subsequently discussing the application of the policy with the agency after he or she has left the government. *Id.* If, as the regulations make clear, policymaking is not a "particular matter involving a specific party or parties," then 18 U.S.C. §§ 203 and 205 do not bar an employee from dis- cussing with Department personnel a policy on which he or she has worked. We therefore believe that a Council member may participate in policy dis- cussions on the Council and lobby the Department on those same policy issues without violating 18 U.S.C. §§ 203 or 205.

There are also Department regulations that impose additional constraints on members of advisory committees. *Standards of Conduct*, 45 C.F.R. pt. 73. The regulations require Department employees to make every effort to avoid negotiating with the Department for contracts or grants whose subject matter is related to the subject matter of his or her consultancy. *Id.*[4] This

---

[3] *See* Memorandum for the Solicitor of the Interior, from Samuel A. Alito, Jr., Deputy Assistant Attor- ney General, Office of Legal Counsel, *Re: Scope of the Term "Particular Matter" Under 18 U.S.C. 208* (Jan. 12, 1987).
[4] The regulation states, in relevant part:
   To a considerable extent the prohibitions of sections 203 and 205 are aimed at the sale of
   influence to gain special favors for private businesses and other organizations and at the

Continued

81

regulation is inapplicable to the Council member's concern because she is not involved in negotiating grants or contracts with the Department. She simply wishes to bring the policy views of her clients to the Department's attention and to persuade the Department of their validity. As long as she limits herself to this function, we are not aware of any Department regulation that would prevent her from acting.

We have also reviewed the memorandum prepared for Council members by the Department's ethics official.[5] The DAEO Memorandum states:

> We have consistently counseled advisory committee members in the Department to refrain from representing others before any component of the Department on issues pending before their committees, commission or council. Where the committee's charge is extremely broad, such as that of the Advisory Council on Social Security, this advice may seem unduly restrictive in that it may require members to forego lobbying activities relating to a broad range of programs, including Medicare, Medicaid and other Social Security Act programs. However, this prohibition is necessary [to avoid any appearance of impropriety].[6]

This advice prohibits the Council member's proposed lobbying activity because she would be engaged in representational activities before various Department components regarding policy issues pending before the Council.

The Council member's lobbying of the Department policy issues pending before the Council is not prohibited by law or Department regulation. It is barred by the DAEO Memorandum, which seeks as a matter of policy to ensure that advisory committee members avoid any appearance of impropriety. Whether to continue this policy is a matter of discretion, to be exercised ultimately by the Secretary. He must decide, as a matter of judgment, whether the DAEO Memorandum is indeed unduly restrictive in its impact on advisory committee members. If he or his designee believes that the DAEO Memorandum is too broad, the Department is free to impose a less onerous

---

[4](....continued)
    misuse of governmental position or information. In accordance with these aims, *a consultant, even when not compelled to do so by sections 203 and 205, should make every effort in his or her private work to avoid any personal contact with respect to negotiations for contracts or grants with the component of the department in which he or she is serving, if the subject matter is related to the subject matter of his or her consultancy or other service.*
45 C.F.R. § 73.735-1003(b)(2) (emphasis added).

[5] Memorandum for Members of the Advisory Council on Social Security, from Sandra H. Shapiro, Acting Designated Agency Ethics Official (Feb. 9, 1990) ("DAEO Memorandum").
    [6] *Id.* at 2.

standard based simply on the law and existing regulations. Once a judgment has been made as to which standard to adopt, the decision can be conveyed to all advisory committee members, including those on the Council.

WILLIAM P. BARR
*Assistant Attorney General*
*office of Legal Counsel*